FILED
2007 Jun-29 PM 02:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Debra Parks, ) | |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | |
| v. ) | **CIVIL ACTION NO.** |
| ) | |
| Phillips & Cohen Associates, Ltd. a/k/a ) | **JURY TRIAL DEMANDED** |
| Phillips & Cohen Associates, Inc., ) | |
| a corporation, and Dewayne Smith, ) | |
| an individual, ) | |
| ) | |
| Defendants. ) | |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), 15 U.S.C. § 1693, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), Defendants' violations of the Electronic Funds Transfer Act, 15 U.S.C. §1693 et seq. ("EFTA"), reckless and wanton training and supervision by the Defendants, and invasion of the Plaintiff's right of privacy by the Defendants in their illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

1

## PARTIES

4. The Plaintiff, Debra Parks, is a natural person who resides in the Town of Toney, County of Madison, State of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Phillips & Cohen Associates, Ltd. a/k/a Phillips & Cohen Associates, Inc., is a collection agency operating from an address of 695 Rancocas Road, Westampton, New Jersey 08060-5626, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Dewayne Smith (hereinafter "Defendant Dewayne Smith") is a natural person employed by Defendant Phillips & Cohen Associates, Ltd. a/k/a Phillips & Cohen Associates, Inc. as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). The Plaintiff will specifically amend her complaint if and when the Defendant identified as Dewayne Smith provides different information to her if the Defendant's name, Dewayne Smith, is incorrect.

## FACTUAL ALLEGATIONS

7. Beginning in February, 2006, the Plaintiff began receiving harassing communications from the Defendants regarding an alleged debt owed to Providian/Chase. The calls that would come from the Defendants state that the Plaintiff needed to immediately pay the amount of $12,698.67 in full. The Plaintiff told the Defendants each time that she could not afford to pay money like that.

Beginning in approximately late May, 2006, Defendant Dewayne Smith began calling the Plaintiff on behalf of Defendant Phillips & Cohen Associates, Ltd. a/k/a Phillips & Cohen Associates, Inc. stating that he had taken over her account. Defendant Dewayne Smith told the Plaintiff he was calling to set up an arrangement for a payment beginning with an initial sum of $1,278.00 on June 9, 2006 by a postdated check and $250.00 thereafter for six months. Defendant Dewayne Smith was adamant that this is the only arrangement he could make and the Plaintiff must make this or other problems would occur. No written documentation was ever entered into between the Plaintiff and the Defendants to this arrangement but the Plaintiff only agreed to this over the phone due to the Defendants' angry demands.

8. On June 9, 2006, the Defendants seized $1,278.00 from the Plaintiff, followed up by a seizure of $250.00 on June 28, 2006.

9. On or about late June, 2006, Defendant Dewayne Smith called the Plaintiff and stated that he had been calling the Plaintiff daily stating that he was trying to contact her regarding the June 9, 2006 seizure of the Defendants that had been returned due to insufficient funds. Defendant Dewayne Smith yelled and screamed at the Plaintiff and stated that the Defendants would have to be reimbursed for these funds immediately or a warrant would be issued for her arrest. The Plaintiff was so upset and inconsolable that she began crying. Defendant Dewayne Smith

then stated that he would call off the arrest warrant and that she had to make the payment by the next day by Western Union no later than 12:00 p.m. est.

10. On or about August 15, 2006, the Plaintiff was notified by her bank that the Defendants attempted to seize $500.00 from her bank account. The Plaintiff called Defendant Dewayne Smith and he stated that the Defendants decided to increase the amount of money they seized so that the balance could be paid sooner. The Plaintiff stated to him that she had never approved any type of increase.

11. On or about August 15, 1006, the Plaintiff received a call from an angry, harshly speaking Defendant, Dewayne Smith, stating that $500.00 was not available in her account and that the Defendants believed that she was trying to defraud them and he was issuing a warrant for her arrest. Defendant Dewayne Smith further told her there was nothing she could do to stop it. Defendant Dewayne Smith told the Plaintiff that the Defendants were very serious concerning collecting the funds from her and that they would resort to any means to resolve the debt and that they could continue to put arrest warrants in place at will. During the fall of 2006, the Defendants would seize money from the Plaintiff's bank account seemingly at their convenience and without authorization from the Plaintiff. On or about November, 2006, Defendant Dewayne Smith called the Plaintiff and told her that the balance on the alleged debt was still too high and that he was consulting an attorney about her account.

12. On or about October 24, 2006, Defendant Dewayne Smith left a voice message for the Plaintiff at 7:14 a.m. stating that it was important that the Plaintiff call him as soon as possible and that he needed payments of $1,000.00 each month and that if no arrangements were made immediately, that the Defendants would automatically debit the funds from her account or garnish her wages.

13. Defendant Dewayne Smith continued to call the Plaintiff on or about October 26, 2006 and October 31, 2006 regarding his prior message left.

14. The Plaintiff sent a letter to the Defendants on November 6, 2006, stating that she refused to pay the debt and she would not pay it and further stating to the Defendants not to contact her again either by phone or in writing. See Exhibit A.

15. On or about February 8, 2007, the Plaintiff received a call from one of Defendant Phillips & Cohen Associates, Ltd. a/k/a Phillips & Cohen Associates, Inc's employees, Lance Williamson. Mr. Williamson stated to the Plaintiff that it was imperative that the Plaintiff contact him at 1-800-768-9361, extension 1577 to discuss her debt situation with the Defendants.

16. The conduct of Defendants Phillips & Cohen Associates, Ltd. a/k/a Phillips & Cohen Associates, Inc. and Dewayne Smith in harassing Plaintiff Debra Parks in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692e, 1692e(5), 1692e(10), 1692f and 1692f(2) amongst others.

*Summary*

17. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of privacy at the Plaintiff's home.

### TRIAL BY JURY

18. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P.38.

### CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692 et seq.

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §1692 et seq.

21. As a result of each and every Defendants' violations of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory

damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from each and every Defendant herein.

## COUNT II.

### INVASION OF THE RIGHT OF PRIVACY

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendants undertook and or directed a series of communications to the home of the Plaintiff constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said communications were systematic and continuous in number and made in disregard for the Plaintiff's right to privacy. Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiff into paying a debt.

24. Said invasions were intentional, willful, and malicious and violated the Plaintiff's privacy. The Plaintiff avers that the communications were made by various individuals who were employees of and acting on behalf of the named Defendants.

25. As a result of such invasions of the right of privacy, Plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial from each and every Defendant.

## COUNT III.

## RECKLESS AND WANTON TRAINING AND SUPERVISION

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The Defendants knew or should have known of the conduct set forth herein which was directed at or visited upon the Plaintiff.

28. The Defendants knew or should have known that said conduct was improper.

29. The Defendants recklessly and wantonly failed to train and supervise debt collectors in order to prevent said improper conduct.

30. The Defendants recklessly and wantonly failed to train and supervises debt collectors on the FDCPA as it related to communications with consumers.

31. The Defendants actions constitute reckless and wanton training and supervision under the common law of the state of Alabama.

32. As a result of the Defendants recklessness and wantonness, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering and pain and anguish.

## COUNT IV.

## VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT

## 15 U.S.C. §1693 et seq.

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The Defendants never obtained written authorization from the Plaintiff at the time they solicited a preauthorized electronic funds transfer from the Plaintiff's account nor was any written authorization provided to the Plaintiff in violation of the Electronic Funds Transfer Act, 15 U.S.C. §1693 et. seq.

35. As a result of the Defendants actions, the Plaintiff suffered damages including actual damages, consequential and statutory damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692 et seq.

1. for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against each and every Defendant and for the Plaintiff;

2. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for the Plaintiff;

3. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against each and every Defendant and for the Plaintiff;

## COUNT II.

## INVASION OF THE RIGHT OF PRIVACY

4. for an award of compensatory and punitive damages from each and every Defendant for the physical sickness and emotional distress suffered as a result of FDCPA violations and invasions of the right of privacy in an amount to be determined at trial and for the Plaintiff; and

5. for such and other further relief as may be just and proper.

## COUNT III.

## RECKLESS AND WANTON TRAINING AND SUPERVISION

6. for an award of compensatory and punitive damages from each and every Defendant for the physical sickness and emotional distress suffered as a result of the FDCPA violations and the reckless and wanton training and supervision of the Defendants at an amount to be determined at trial and for the Plaintiff; and

7. for such and other further relief as may be just and proper.

## COUNT IV.

## VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT

## 15 U.S.C. §1693 et seq.

8. for an award of actual, consequential and statutory damages, together with

their costs of action and the reasonable fees of their attorneys, from each and every Defendant and for the Plaintiff arising from unauthorized electronic fund transfers; and

9. for such other and further relief as may be just and proper.

| Dated: June 29, 2007 | Respectfully submitted, |
|---|---|
| HAYS CAULEY, P.C. | BOND, BOTES, SYKSTUS, TANNER & EZZELL, PLC. |
| By: *Penny Hays Cauley* signed with permission RCS<br>Penny Hays Cauley<br>P.O. Box 509<br>Darlington, South Carolina 29540<br>Telephone: (843) 939-5200<br>Facsimile: (843) 393-8502<br>Email: phc917@hayscauley.com<br>**Attorney for Plaintiff** | By: *Ronald C. Sykstus*<br>Ronald C. Sykstus, Esq.<br>415 Church Street, Suite 100<br>Huntsville, Alabama 35801<br>Telephone: (256) 539-9899<br>Direct Voice: (256) 713-0221<br>Facsimile: (256) 539-9895<br>Email: rsykstus@bondnbotes.com<br>**Attorney for Plaintiff** |